XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID C. GOODWIN, State Bar No. 283322
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7342
 Fax: (916) 324-5205
 E-mail: David.Goodwin@doj.ca.gov
*Attorneys for Defendants Heintschel, Lamb, King, and Wallace*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **XAVIER LUMAR J'WEIAL,**<br><br>                              Plaintiff,<br><br>    v.<br><br>**K. WALLACE, et al.,**<br><br>                              Defendants. | 2:19-cv-00808 EFB<br><br>**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed: May 7, 2019 |

**ANSWER**

Except where expressly admitted, Defendants Heintschel, Lamb, King, and Wallace generally deny all of Plaintiff Xavier Lumar J'Weial's (T-08643) allegations contained in the complaint filed on May 7, 2019. (Compl., ECF No. 1.)

**I.   JURISDICTION**

1.   In response to paragraph 1, under the heading Jurisdiction on page 1, Defendants admit the Court has jurisdiction under 28 USC § 1343(a) and 42 U.S.C. § 1983.

/ / /

/ / /

1

2. In response to paragraph 2, under the heading Jurisdiction on page 1, Defendants admit the location where the incidents occurred was at Mule Creek State Prison (MCSP) in Ione, California. Defendants deny any violation occurred.

**II.    DEFENDANTS**

3. In response to paragraphs 1-4, under the heading Defendants on page 2, Defendants admit the allegations.

**III.   PREVIOUS LAWSUITS**

4. In response to paragraphs 1-2, under the heading Previous Lawsuits on page 2, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**IV.   CAUSE OF ACTION**

5. In response to paragraph 1-2, under the heading Claim I on page 3, Defendants deny the allegations.

6. In response to paragraph 3, under the heading Claim I on page 3, Defendants admit that at the time Plaintiff filed the complaint he was a 47-year-old male incarcerated at MCSP in Ione, California. Defendants admit that they are employed by CDCR. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's interactions with inmate Machado (E-91214). Defendants deny the remaining allegations.

7. In response to paragraph 4, under the heading Claim I on page 3, Defendants deny the allegations.

8. In response to paragraph 5, under the heading Claim I on page 3, Defendants admit that administrative remedies are available at Plaintiff's institution. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

9. In response to the allegations on page 4, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning when Plaintiff transferred from Administrative Segregation to Facility A. Defendants admit that Plaintiff was housed in Facility A, Building 1, during the events at issue. Defendants lack knowledge or information

2

sufficient to form a belief about the truth of the allegations concerning when Plaintiff was assigned to the Building 1 porter position and the times of his work schedule.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's interactions with other inmates and with Lieutenant Allen.  Defendants deny the remaining allegations.

10.   In response to the allegations on page 5, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's interactions with Lieutenant Allen.  Defendants admit that on July 31, 2018, inmate Simpson sustained injuries.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning how or where Simpson sustained the injuries.  Defendants deny the remaining allegations.

11.   In response to the allegations on page 6, Defendants admit Plaintiff received a CDCR Form 115 Rules Violation Report for events that occurred on September 18, 2018.  Defendants deny Plaintiff received the CDCR Form 115 Rules Violation Report on September 18, 2018.  Defendants admit Plaintiff received a CDCR Form 128-b General Chrono for events that occurred on September 18, 2018.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning when Plaintiff received the CDCR Form 128-b General Chrono.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the CDCR Form 115 Rules Violation Report on September 12, 2018.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's interactions with Lieutenant Allen.  Defendants admit Lamb informed Plaintiff that a bi-annual committee would be held.  Defendants deny the remaining allegations.

12.   In response to the allegations on page 7, Defendants admit that Plaintiff had an opportunity to advocate for himself regarding the issues discussed at the committee hearing before Lamb and Heintschel.  Defendants deny the remaining allegations.

13.   In response to the allegations on page 8, Defendants deny the allegations.

///

3

Defs.' Ans. to Compl.; Demand for Jury Trial  (2:19-cv-00808 EFB)

14. In response to the allegations on pages 9-10, the allegations are not made against Defendants and therefore do not call for an admission or a denial.

**V.  PRAYER FOR RELIEF**

15. In response to the request for relief on page 11, Defendants deny the allegations and deny that Plaintiff is entitled to any relief whatsoever.

16. Defendants deny all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust available administrative remedies in accordance with Title 15 of the California Code of Regulations, his claims are barred by 42 U.S.C. § 1997e.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any clearly established right.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered damages, his own conduct contributed to those damages. Plaintiff knew of the danger of his conduct and intentionally or heedlessly failed to protect his own interests.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has previously litigated the issues raised in the complaint, Plaintiff's claims are barred by the doctrines of res judicata or collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has any damages, he failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution to the extent he seeks monetary damages from defendants in their official capacities.

///

///

///

4

Defs.' Ans. to Compl.; Demand for Jury Trial  (2:19-cv-00808 EFB)

**SEVENTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiff, if any, were fully or partly the fault of others, who are not parties to this lawsuit. The identities of any such individuals may be determined in the course of discovery.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand this action be tried by a jury.

**PRAYER FOR RELIEF**

Defendants pray for relief as follows:

1. That judgment be awarded in favor of Defendants;
2. That Plaintiff take nothing by this action;
3. That Defendants be awarded costs of suit and attorney's fees; and
4. That Defendants be awarded such other relief as this Court deems proper.

Dated: May 19, 2020                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ David C. Goodwin*

DAVID C. GOODWIN
Deputy Attorney General
*Attorneys for Defendants Heintschel, Lamb, King, and Wallace*

SA2020101214
34009896.docx

5

Defs.' Ans. to Compl.; Demand for Jury Trial  (2:19-cv-00808 EFB)

# CERTIFICATE OF SERVICE

Case Name:   **Xavier Lumar J'Weial v. K. Wallace, et al.**   No.   **2:19-cv-00808 EFB**

I hereby certify that on **May 19, 2020**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **May 19, 2020**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Xavier Lumar J'Weial  (T-08643)
Mule Creek State Prison
P.O. Box 409040
Ione, CA  95640
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 19, 2020**, at Sacramento, California.

| K. Jeffers | */s/ K. Jeffers* |
|---|---|
| Declarant | Signature |

SA2020101214
34084605.docx